3:08-CV-2770-EDL ADR EDL

**JS 44** (Rev. 12/07)(cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Le Thi Jackson, d.b.a. The New Market

## DEFENDANTS

The United States of America, Courtney L. Wilerson, in her Official Capacity,  and Mike Johanns, in his Official Capacity

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1   U.S. Government
Plaintiff
- [ ] 3   Federal Question
(U.S. Government Not a Party)
- [X] 2   U.S. Government
Defendant
- [ ] 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [X] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | **FEDERAL TAX SUITS** | Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff | [ ] 900 Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | or Defendant) | Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | 26 USC 7609 | to Justice |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | [ ] 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from another district (specify)
- [ ] 6   Multidistrict Litigation
- [ ] 7   Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
7 U.S.C. section 2023

Brief description of cause:
Withdraw from authorization to participate as authorized retailer in the Food Stamp Program.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE   6/4/08

SIGNATURE OF ATTORNEY OF RECORD

E-filing

FILED

*JUN - 4 2008*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1   PAUL L. ALAGA, CSBN, 221165
2   IAN KELLEY, CSBN 215393
    885 Bryant Street, 2nd Floor
3   San Francisco, California 94103
    415-581-0885 Tel.
4   415-581-0887 Fax.
5   Attorneys for Le Thi Jackson d.b.a. The New Market
6
7
8              UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

                                                    ADR
10
11  LE THI JACKSON d.b.a. THE NEW MARKET,    Case No.   C08-02770 EDL
12                 Plaintiff,
13                                    **COMPLAINT FOR JUDICIAL REVIEW OF**
        vs.                           **ADMINISTRATIVE DECISION**
14
    THE UNITED STATES OF AMERICA,
15  COURTNEY L. WILKERSON, in her capacity
    as Chief of the Administrative Review Branch
16  for the Department of Agriculture, AND ED
    SCHAFER, in his capacity as the Secretary of
17  Agriculture,
18
19                 Defendants.
                                    /
20
21                      **JURISDICTION**
22          This action is brought under 7 U.S.C. § 2023, 5 U.S.C. § 703, and the Fifth Amendment to
23  the United States Constitution to seek de novo review of the defendants' administrative decision to
    permanently disqualify plaintiff from participating in the Food Stamp Program (hereinafter "FSP")

            Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331,
    this being an action arising under the Constitution and Federal law.

            Venue is proper because the acts complained of herein occurred in the City of Oakland,
    California, in the Federal Northern District of California, being also plaintiff's place of business.

1

**PARTIES**

2   4.    During all times relevant and material to this complaint plaintiff was, and still is, the owner of
3   The New Market, doing business at 7475 Bancroft Avenue in Oakland, California and within the
4   jurisdiction of this Court.

5   5.    The United States is a defendant pursuant to the provisions of the Food Stamp Act,
6   specifically 7 U.S.C. § 2023(a).

7   6.    Defendant, Courtney L. Wilkerson (hereinafter "CHIEF"), is sued herein in her capacity as
8   Chief of the Administration Review Division of the Department of Agriculture, Food and Nutrition
9   Service (FNS), and the person ultimately responsible for the decisions of the Service.

10  7.    Defendant, Ed Schafer (hereinafter "SECRETARY"), is sued herein in his capacity as the
11  Secretary of the Department of Agriculture (hereinafter "USDA"), and is the person ultimately
12  responsible for the decisions of the Department's constituent agencies.

13

14

**FULFILLMENT OF ADMINISTRATIVE PREREQUISITES**

15  8.    All conditions precedent for the filing of this action have been complied with: plaintiff has
16  exhausted her administrative remedies and will continue to be permanently disqualified if this action
17  is not filed within thirty (30) days of the denial of plaintiff's final appeal by the defendants.

18  9.    It has been fewer than thirty (30) days since the plaintiff's final appeal was denied by the
19  defendants.

20

21

**FACTS COMMON TO ALL CAUSES OF ACTION**

22  10.   On or about October 26, 2007 plaintiff received a letter from Teresa L. Toups (hereinafter
23  "TOUPS"), Officer-In-Charge, Sacramento Field Office, Food and Nutrition Service, a division of
24  the United States Department of Agriculture, which stated that the USDA was charging plaintiff with
25  trafficking, as defined in section 271.2 of the Food Stamp Program Regulations.

26  11.   On or about November 7, 2007 plaintiff responded to the defendant's October 26, 2007 letter
27  and denied the trafficking as alleged.

28  12.   On or about December 3, 2007 plaintiff received another letter from TOUPS, making a

1  finding that the violations had occurred, determining that plaintiff was not eligible for a monetary
2  penalty, and disqualifying plaintiff from further participating in the FSP and advising plaintiff of her
3  right to request review of this decision by the CHIEF.

4  13.    On or about December 6, 2007 plaintiff sent a letter to the CHIEF in Alexandria, Virginia,
5  wherein she requested review.

6  14.    On or about December 17, 2007 plaintiff received a letter from Jerry Masefield (hereinafter
7  MASEFIELD), Administrative Review Officer with the Administrative Review Branch,
8  acknowledging plaintiff's timely request for review and informing plaintiff that the CHIEF has
9  assigned the matter him.

10  15.    On or about May 5, 2008 plaintiff received another letter and from MASEFIELD upholding
11  the findings of the Sacramento California Field Office and the sanction of Permanent Disqualification
12  of plaintiff from participating as an authorized retailer in the FSP; the letter stated that plaintiff has up
13  to thirty (30) days from the date of his letter to seek judicial review in the District Court where
14  plaintiff resides or is engaged in business or in any court or record of the State having competent
15  jurisdiction.

16  16.    Plaintiff has been transacting sales under the FSP for more than ten years, without ever
17  receiving any warning from the Food and Nutrition Service (FNS). Plaintiff has maintained a clean
18  record with defendants since she became their agent.

19  17.    Multiple inconsistencies and inaccuracies in the investigation report in this case necessitate a
20  trial of this matter.

21  18.    The alleged transaction report from the investigating officer shows that the investigator made
22  a single visit to plaintiff's store, during which he failed to observe the volume of specialty items and
23  amount of stock alleged by plaintiff to be ordinarily on hand at The New Market.  Had the
24  investigating officer engaged in the appropriate and necessary diligence, she would have observed the
25  large number of specialty items and large volume of stock which would have militated against the
26  investigator's determination that plaintiff was engaged in trafficking.

27  19.    The alleged transaction reports showed even dollar amount purchases, multiple withdrawals,
28  depletion of the majority or all of a recipient's account in short time frames, and high dollar amounts.

COMPLAINT FOR JUDICIAL REVIEW OF ADMINISTRATIVE DECISION - 3

1  These transactions are reasonable given the number of high cost specialty items carried by plaintiff
2  and level of customer loyalty and are not evidence of trafficking.

3  20.  The transaction report provided by the investigating officer states that plaintiff's store has
4  only a small amount of fresh fish and meats and only a small amount of ham hocks. This is error.
5  Plaintiff has and at all relevant times herein mentioned carried a large and unique stock of such items
6  as well as others which were erroneously not cognized by the investigation.

7  21.  Plaintiff was not given an opportunity to submit documentation or evidence in support of her
8  claim that investigator's claims were error or in support of her claim of eligibility for a Civil Money
9  Penalty in lieu of disqualification as required by law.

10  22.  Plaintiff was never provided any report regarding the investigator's visit to The New Market
11  and thus was denied the opportunity to refute, augment, or explain the observations made by the
12  investigator.

13  23.  Plaintiff's store is unique in the geographic area in that it carries numerous specialty and
14  ethnic items demanded by the local community. This factor in itself suffices to satisfy the hardship
15  requirement for the imposition of Civil Money Penalty in lieu of disqualification.

16  24.  Plaintiff will suffer irreparable damage and untold hardship if this disqualification is upheld in
17  that a significant and irreplaceable amount of plaintiff's revenue from her store comes from Food
18  Stamp sale transactions. Her main source of business is the sale of eligible foodstuffs which are
19  primarily sold to Food Stamp customers. If defendant is allowed to proceed with the disqualification,
20  plaintiff would have to close down her store as she would not be able to pay her overhead.

21

22  **FIRST CAUSE OF ACTION**

23  25.  Plaintiff repeats and re-alleges paragraphs 1 through 24 as if fully stated herein.

24  26.  The defendant's decision to permanently disqualify plaintiff from the FSP was arbitrary and
25  capricious, and violated defendant's own regulations.

26  //

27  //

28

COMPLAINT FOR JUDICIAL REVIEW OF ADMINISTRATIVE DECISION - 4

1   **SECOND CAUSE OF ACTION**

2   27.   Plaintiff repeats and re-alleges paragraphs 1 through 24 as if fully stated herein.

3   28.   The defendant's decision to find plaintiff to be ineligible for a Civil Money Penalty in lieu of

4   disqualification violated 7 C.F.R. § 278.6.

5

6   **THIRD CAUSE OF ACTION**

7   29.   Plaintiff repeats and re-alleges paragraphs 1 through 24 as if fully stated herein.

8   30.   The permanent disqualification of plaintiff by defendants from participating in the FSP is a

9   denial of plaintiff's rights of due process of law, in that there is no rational basis in the law for that

10  action.

11

12  **FOURTH CAUSE OF ACTION**

13  31.   Plaintiff repeats and re-alleges paragraphs 1 through 24 as if fully stated herein.

14  32.   The permanent disqualification of plaintiff by defendants from participating in the FSP is a

15  denial of plaintiff's rights of due process of law, in that it proceeded with insufficient notice and

16  opportunity to be heard before a neutral magistrate.

17

18  **FIFTH CAUSE OF ACTION**

19  33.   Plaintiff repeats and re-alleges paragraphs 1 through 24 as if fully stated herein.

20  34.   The permanent disqualification of plaintiff by defendants from participating in the FSP is a

21  denial of plaintiff's rights of due process of law, in that the defendant failed to make reasonable and

22  rational findings under the appropriate legal standard.

23

24  WHEREFORE, plaintiff prays for a judgment and order of this court:

25

26  (1)   Ordering defendant to stay execution of its decision to permanently disqualify plaintiff from

27  the FSP and enjoining the implementation of the threatened disqualification;

28  (2)   Ordering defendant to reinstate plaintiff in the FSP immediately;

1    (3)    Ordering the defendant to impose Civil Money Penalty in lieu of disqualification if the court

2    deems any such penalty is just and proper;

3    (4)    For costs of suit herein;

4    (5)    Any such further relief as the Court may deem just and proper.

5

6    Dated: Ju 3, 08

7

8

9

10                                                    Paul L. Alaga,
                                                      Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR JUDICIAL REVIEW OF ADMINISTRATIVE DECISION - 6