PAUL L. ALAGA, CSBN, 221165
IAN KELLEY, CSBN
885 Bryant Street, 2nd Floor
San Francisco, California 94103
415-581-0885 Tel.
415-581-0887 Fax.
Attorneys for Le Thi Jackson d.b.a. The New Market

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LE THI JACKSON d.b.a. THE NEW MARKET,

           Plaintiff,

  vs.

THE UNITED STATES OF AMERICA, COURTNEY L. WILKERSON, in her capacity as Chief of the Administrative Review Branch for the Department of Agriculture, AND ED SCHAFER, in his capacity as the Secretary of Agriculture,

           Defendants.
                              /

Case No. C08-02770

**CASE MANAGEMENT STATEMENT BY PLAINTIFF**

**1.     Jurisdiction and Service:**

The Defendants COURTNEY L. WILKERSON, in her capacity as Chief of the Administrative Review Branch for the Department of Agriculture, AND ED SCHAFER, in his capacity as the Secretary of Agriculture were served on June 6, 2008 by delivering a copy of the complaint and summons to the agent authorized by appointment or by law to receive such documents. However, a copy of the summons and complaint were served on the Attorney General and the United States Attorney for the Northern District of California on August 13, 2008. The defendants have until October 14, 2008 to file an answer to the complaint. As of the filing of the statement, none of

1  the defendants have filed and served an answer to the complaint in this action.

2  **2.     Facts:**

3  On or about October 26, 2007 plaintiff received a letter from Teresa L. Toups (hereinafter
4  "TOUPS"), Officer-In-Charge, Sacramento Field Office, Food and Nutrition Service, a division of
5  the United States Department of Agriculture, which stated that the USDA was charging plaintiff with
6  trafficking, as defined in section 271.2 of the Food Stamp Program Regulations.

7  On or about November 7, 2007 plaintiff responded to the defendant's October 26, 2007 letter
8  and denied the trafficking as alleged.

9  On or about December 3, 2007 plaintiff received another letter from TOUPS, making a
10 finding that the violations had occurred, determining that plaintiff was not eligible for a monetary
11 penalty, and disqualifying plaintiff from further participating in the FSP and advising plaintiff of her
12 right to request review of this decision by the CHIEF.

13 On or about December 6, 2007 plaintiff sent a letter to the CHIEF in Alexandria, Virginia,
14 wherein she requested review.

15 On or about December 17, 2007 plaintiff received a letter from Jerry Masefield (hereinafter
16 MASEFIELD), Administrative Review Officer with the Administrative Review Branch,
17 acknowledging plaintiff's timely request for review and informing plaintiff that the CHIEF has
18 assigned the matter him.

19 On or about May 5, 2008 plaintiff received another letter and from MASEFIELD upholding
20 the findings of the Sacramento California Field Office and the sanction of Permanent Disqualification
21 of plaintiff from participating as an authorized retailer in the FSP; the letter stated that plaintiff has up
22 to thirty (30) days from the date of his letter to seek judicial review in the District Court where
23 plaintiff resides or is engaged in business or in any court or record of the State having competent
24 jurisdiction.

25 Plaintiff has been transacting sales under the FSP for more than ten years, without ever
26 receiving any warning from the Food and Nutrition Service (FNS). Plaintiff has maintained a clean
27 record with defendants since she became their agent.

28 Multiple inconsistencies and inaccuracies in the investigation report in this case necessitate a

1 trial of this matter.

2 The alleged transaction report from the investigating officer shows that the investigator made a single visit to plaintiff's store, during which he failed to observe the volume of specialty items and amount of stock alleged by plaintiff to be ordinarily on hand at The New Market. Had the investigating officer engaged in the appropriate and necessary diligence, she would have observed the large number of specialty items and large volume of stock which would have militated against the investigator's determination that plaintiff was engaged in trafficking.

The alleged transaction reports showed even dollar amount purchases, multiple withdrawals, depletion of the majority or all of a recipient's account in short time frames, and high dollar amounts. These transactions are reasonable given the number of high cost specialty items carried by plaintiff and level of customer loyalty and are not evidence of trafficking.

The transaction report provided by the investigating officer states that plaintiff's store has only a small amount of fresh fish and meats and only a small amount of ham hocks. This is error. Plaintiff has and at all relevant times herein mentioned carried a large and unique stock of such items as well as others which were erroneously not cognized by the investigation.

Plaintiff was not given an opportunity to submit documentation or evidence in support of her claim that investigator's claims were error or in support of her claim of eligibility for a Civil Money Penalty in lieu of disqualification as required by law.

Plaintiff was never provided any report regarding the investigator's visit to The New Market and thus was denied the opportunity to refute, augment, or explain the observations made by the investigator.

Plaintiff's store is unique in the geographic area in that it carries numerous specialty and ethnic items demanded by the local community. This factor in itself suffices to satisfy the hardship requirement for the imposition of Civil Money Penalty in lieu of disqualification.

Plaintiff will suffer irreparable damage and untold hardship if this disqualification is upheld in that a significant and irreplaceable amount of plaintiff's revenue from her store comes from Food Stamp sale transactions. Her main source of business is the sale of eligible foodstuffs which are primarily sold to Food Stamp customers. If defendant is allowed to proceed with the disqualification, plaintiff would have to close down her store as she would not be able to pay her overhead.

**3.     Legal Issues:**

As the defendants have not answered the complaint, it is unclear what legal issues will be present.

**4.     Motions:**

As the defendants have not answered the complaint, it is unclear what motions will be filed.

**5.     Amendment of Pleadings:**

As the defendants have not answered the complaint, it is unclear what amendments, if any, will be sought.

**6.     Evidence Preservation:**

Plaintiff has taken steps to preserve all relevant evidence in this matter.

**7.     Disclosures:**

As the defendants have not answered the complaint, there has been no disclosures in this case.

**8.     Discovery:**

As the defendants have not answered the complaint, there has been no discovery taken in this case.

**9.     Class Action:**

This action is not a class actions case.

**10.    Related Cases:**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11.    Relief:**

Ordering defendant to stay execution of its decision to permanently disqualify plaintiff from the FSP and enjoining the implementation of the threatened disqualification; Ordering defendant to reinstate plaintiff in the FSP immediately; Ordering the defendant to impose Civil Money Penalty in lieu of disqualification if the court deems any such penalty is just and proper; For costs of suit herein; Any such further relief as the Court may deem just and proper.

**12.    Settlement and ADR:**

Plaintiff is amenable to ADR; however because the defendants have not answered the

complaint, the prospects for settlement of the case are unknown.

**13.     Consent to Magistrate Judge For All Purposes:**

Plaintiff has already consented to proceed with a magistrate judge for all purposes.

**14.     Other References:**

This case would not be suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues:**

As the defendants have not answered the complaint, it is unknown to plaintiff if any issues can be narrowed by agreement or by motion.

**16.     Expedited Schedule:**

This case can be handled on an expedited basis with streamline procedures.

**17.     Scheduling:**

As the defendants have not answered the complaint, plaintiff is unable to propose any dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**18.     Trial:**

This matter should be tried by a court and Plaintiff expects the trial to last one week to one and one half weeks.

**19.     Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff certifies that no such Non-Party Entities, or Persons, including any persons, associations or persons, firms, partnerships, corporations, (including parent corporations), or other entities is known to Plaintiff other than that of the names parties to the action have either: (i) a financial interest (of any kind) in the subjects matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceedings.

///
///
///
///

20. There are no other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated:

                                                  _____
                                                  Paul L. Alaga,
                                                  Attorney for Plaintiffs